IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

BARRY CHRISTOPHER MOORE, )
)
          Petitioner, )
)
v. )      1:05CV00432
)
THEODIS BECK, Secretary of )
the Department of Correction, )
)
          Respondent. )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

    Petitioner Barry Christopher Moore, a prisoner of the State of North Carolina, on September 21, 1993, in the Superior Court of Guilford County, was convicted after trial by jury of robbery with a dangerous weapon. Judge Howard R. Greeson, Jr. sentenced Petitioner to 40 years imprisonment. The North Carolina Court of Appeals found no error in an opinion filed August 2, 1994. *See State v. Moore*, 115 N.C.App. 731 (1994) (unpublished). Petitioner was represented at trial and on appeal by attorney David Clark.

    More than ten years after his appeal was denied, Petitioner Moore dated a *pro se* Motion for Appropriate Relief ("MAR") on October 15, 2004, and filed it in the Superior Court of Guilford County. Judge Catherine C. Eagles summarily denied the MAR on December 20, 2004. Petitioner then filed a certiorari petition in the North Carolina Court of Appeals, but that court denied certiorari on January 27, 2005.

Petitioner dated his *pro se* habeas corpus petition to this Court on April 14, 2005. The petition was received by the Clerk on April 15 and, after judicial screening, was stamped "filed" on May 19, 2005.

## Claims of the Petition

In his habeas petition, Petitioner Moore contends that (1) he was denied effective assistance of counsel at trial and on appeal; (2) he was denied his right to appeal; and (3) his conviction was obtained in violation of the protection against cruel and unusual punishment.

## Discussion

As a threshold defense, Respondent contends that Petitioner Moore's habeas petition should be dismissed as time-barred under the one-year statute of limitations applicable to habeas corpus actions. *See* 28 U.S.C. § 2244(d). After review, the Court finds that the statute-of-limitations defense is well-taken and fully disposes of the petition. Accordingly, for reasons set forth below, Respondent's motion to dismiss the petition should be granted.

Petitioner Moore's case became final on direct review 35 days after the North Carolina Court of Appeals entered its August 2, 1994 unpublished opinion. *See* N.C. R. of App. P., Rules 14(a), 15(b), and 32(b); *see also* 28 U.S.C. § 2244(d)(1)(A) (judgment becomes final by the conclusion of direct review or the expiration of the time for seeking such review). Because Petitioner's case became final before April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act (AEDPA), Petitioner had one year, or until April 24, 1997, to file a timely habeas petition. *See Hernandez v. Caldwell*, 225 F.3d

435 (4th Cir. 2000). Since Petitioner dated his petition to this Court on April 14, 2005, the petition is almost eight years out-of-time.[1]

Petitioner Moore has shown absolutely no potential ground for statutory or equitable tolling of the statute of limitations. He has requested appointment of counsel, but he has shown no colorable claim or basis for an evidentiary hearing that could justify such an appointment. The Court does not find it in the interest of justice to appoint counsel. *See* Habeas Rule 8(c). The habeas petition of Petitioner Moore should be dismissed as time-barred.

### Conclusion

For reasons set forth above, **IT IS ORDERED** that Petitioner Moore's request for appointment of counsel (Pleading No. 7) is **DENIED**. **IT IS RECOMMENDED** that Petitioner Moore's habeas petition be dismissed with prejudice as time-barred.

/s/ P. Trevor Sharp<br>United States Magistrate Judge

Date: June 13, 2006

---

[1] Petitioner's October 15, 2004 MAR and his January 15, 2005 certiorari petition have no tolling effect upon the statute of limitations. Motions and petitions filed in state court cannot breathe life into an already expired one-year period of limitation. *See Minter v. Beck*, 230 F.3d 663 (4th Cir. 2000).